MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
BEN T. LILA (SBN 246808)
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 487-9300
Facsimile: (858) 487-9390
Email: jmandour@mandourlaw.com
Attorneys for Plaintiff,
VERONICA'S AUTO INSURANCE SERVICES, INC.

FILED
CLERK, U.S. DISTRICT COURT

JUL 29 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV13-  5445 DDW (FFMx)

|  |  |
|---|---|
| VERONICA'S AUTO INSURANCE SERVICES, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> VERONICA'S SERVICES, INC., a California Corporation, <br><br> Defendant. | Civil Case No. _____ <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND OTHER RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff VERONICA'S AUTO INSURANCE SERVICES, INC.
("plaintiff" or "VAIS"), by and through its counsel, alleges against defendant
VERONICA'S SERVICES, INC. ("defendant" or "VERONICA'S SERVICES")
as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement and false designation of origin under 15 U.S.C. § 1051, *et seq.*, common law trademark infringement, and unfair competition under state and common law.

## THE PARTIES

2.     Plaintiff VAIS is a California corporation with a principle place of business in San Bernardino, California.

3.     On information and belief, defendant VERONICA'S SERVICES, INC. is or purports to be a California corporation having a principle place of business at 13114 Van Nuys Boulevard, Pacoima, CA 91331.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the trademark laws of the United States, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over defendant because it resides and has transacted business in the Central District of California.  Further, on information and belief, the defendant systematically and continuously directs business activities toward and into the Central District of California..

6.     Venue is proper and reasonable in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to this claim for false designation of origin and unfair competition occurred in this district and defendant resides within the district.

\\
\\
\\
\\
\\

## FACTS

7.    VAIS is a company that offers insurance services and related goods.

8.    VAIS is the owner of the trademarks and designations VERONICA'S INSURANCE and VERONICA'S AUTO INSURANCE SERVICES (collectively the "VAIS Trademarks").  VAIS has used the VAIS Trademarks and designations throughout the United States in interstate commerce in conjunction insurance goods and services at least as early as 2007.  As such, VAIS has established priority of use.  The VAIS trademarks and designations are inherently distinctive and recognized by the relevant consuming public as plaintiff's marks.

9.    VAIS is the owner of U.S. Trademark Registration No. 4,288,275 for VERONICA'S INSURANCE (+Design) respectively.  A true and correct copy of said registration is attached hereto as **Exhibit A**.

10.    VAIS has the used the VAIS trademarks in a variety of media including Internet advertisements.  An exemplary use of the plaintiff's VAIS trademark is shown in **Exhibit B** attached hereto.

11.    Defendant is also in the business of insurance in the same channels of trade as plaintiff.  Defendant has adopted the identical and/or confusingly similar trademark VERONICA'S SERVICES.  Exemplary uses by defendant are shown in **Exhibit C** attached hereto.

12.    On information and belief, defendant incorporated on June 6, 2008.  On information and belief, defendant did not become licensed to provide insurance in California under the name VERONICA'S SERVICES, INC. until March 10, 2009.

13.    On information and belief, defendant's unlawful use of VERONICA'S SERVICES trademark has caused actual confusion amongst consumers and initial interest confusion as to the origin of their respective products and services.

14.    On information and belief, defendant has adopted the designation VERONICA'S SERVICES in a willful attempt to piggyback off of plaintiff's goodwill and reputation in the business of social networking software, and to divert business away from plaintiff and to defendant.

15.    Plaintiff invests substantial sums in producing its goods and in marketing its VAIS trademarks.  Plaintiff has established substantial goodwill and brand recognition with the consuming public.

16.    Moreover, on information and belief, defendant's services are inferior to plaintiff's services resulting in consumer confusion as to the quality as well as source of plaintiff's services.

17.    Plaintiff has been irreparably harmed and has suffered economic loss as well as the loss of good will from defendant's unlawful and willful acts. Because damages will constitute an insufficient remedy, plaintiff requires equitable relief in the form of a permanent injunction restraining defendant's continued activity.

## CLAIMS FOR RELIEF

### First Claim for Relief

### (Trademark Infringement - 15 U.S.C. § 1114)

18.    Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 17 of the Complaint as though fully set forth herein.

19.     Defendant's use of plaintiff's trademarks has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's services/goods.

20.    On information and belief, defendant willfully and intentionally adopted and used trademarks confusingly similar to plaintiff's VAIS Trademarks to steal plaintiff's goodwill.

21.    By reason of the foregoing unlawful acts recited in paragraphs, plaintiff has been irreparably harmed and will continue to suffer damage until an

appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this court against defendant.

## Second Claim for Relief

### (False Designation of Origin - 15 U.S.C. § 1125(a))

22.     Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 21 of the Complaint as though fully set forth herein.

23.     Defendant's use of plaintiff's designation has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's service.

24.     By reason of the foregoing and upon information and belief, defendant has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by using, in connection with their goods and advertisement, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's service and commercial activities.

25.     By reason of the foregoing unlawful acts recited in paragraphs, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this court against defendant.

## Third Claim for Relief

### (State Law Unfair Competition – Cal. Bus. & Prof. Code §17200)

26.     Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 25 the Complaint as though fully set forth herein.

27.     Defendant's acts as set forth herein constitute unfair competition as defined in California Business and Professions Code § 17200, *et seq.*, all to the damage of plaintiff as previously alleged.

\\

\\

## **Fourth Claim for Relief**

### **(Common Law Trademark Infringement)**

28.  Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 27 the Complaint as though fully set forth herein.

29.  Defendant's acts as set forth herein constitute trademark infringement as defined by California common law, all to the damage of plaintiff as previously alleged.

## **Fifth Claim for Relief**

### **(Common Law Unfair Competition)**

30.  Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 29 the Complaint as though fully set forth herein.

31.  Defendant's acts, as set forth above, constitute unfair competition as defined by California common law, all to the damage of plaintiff as previously alleged.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff asks that this Court grant judgment against defendant for the following:

A.  Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from:

    i.  infringing plaintiff's trademarks;

    ii.  using any designation confusingly similar to plaintiff, including without limitation VERONICA'S SERVICES;

    iii.  competing unfairly with plaintiff in any manner, including infringing any of plaintiff's trademark rights; and

    iv.  conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in

subparagraphs (i) - (iii) above.

B.      Defendant shall file with the Court and serve on plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant has complied with the provisions of subparagraph (A) above.

C.      Plaintiff recovers all damages it has sustained as a result of defendant's infringement, false designation of origin and unfair competition.

D.      Plaintiff be awarded defendant's profits, corrective advertising damages and enhanced damages.

E.      An accounting be directed to determine defendant's profits resulting from their infringement and unfair competition and that the profits be paid over to plaintiff, increased as the Court determines is appropriate to the circumstances of this case.

F.      Plaintiff be awarded its reasonable attorneys' fees for prosecuting this action.

G.      Plaintiff recover its costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.

H.      Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117 or any other relevant statute.

I.      Plaintiff be awarded punitive damages pursuant to, *inter alia*, California common law, Business and Professions Code § 14250, and any other relevant statute.

J.      Plaintiff receive all other relief the Court deems appropriate.

\\
\\
\\

1

## **DEMAND FOR JURY TRIAL**

2         Plaintiff hereby demands a trial by the jury on its claims herein and all

3   issues and claims so triable in this action.

4

5                                     Respectfully submitted,

6   Dated: <u>July 26, 2013</u>             MANDOUR & ASSOCIATES, APC

7

8

9                               Ben T. Lila (SBN 246808)

10                              Email: blila@mandourlaw.com

11                              Attorneys for plaintiff,
    VERONICA'S AUTO INSURANCE
12                              SERVICES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR
COMPETITION, AND OTHER RELIEF; DEMAND FOR JURY TRIAL
- 8 -

**EXHIBIT A**

EXHIBIT A





| | |
|---|---|
| **Reg. No. 4,288,275** | VERONICA'S AUTO INSURANCE SERVICES, INC. (CALIFORNIA CORPORATION) |
| | 101 |
| **Registered Feb. 12, 2013** | 290 W ORANGE SHOW RD |
| | SAN BERNARDINO, CA 92408 |
| **Int. Cl.: 36** | |
| | FOR: INSURANCE CONSULTING IN THE FIELD OF AUTOMOBILE INSURANCE, IN CLASS |
| | 36 (U.S. CLS. 100, 101 AND 102). |
| **SERVICE MARK** | |
| | FIRST USE 6-30-2011; IN COMMERCE 6-30-2011. |
| **PRINCIPAL REGISTER** | |
| | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INSURANCE", APART FROM |
| | THE MARK AS SHOWN. |
| | THE MARK CONSISTS OF THE STYLIZED TEXT "VERONICA'S INSURANCE" A DESIGN |
| | OF A CAR WITHIN A CIRCLE APPEARING TO THE RIGHT. |
| | SER. NO. 85-618,605, FILED 5-7-2012. |
| | JOHN DWYER, EXAMINING ATTORNEY |



Acting Director of the United States Patent and Trademark Office

EXHIBIT A

**EXHIBIT B**

EXHIBIT B



EXHIBIT B

**EXHIBIT C**

EXHIBIT C



EXHIBIT C

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

### CV13- 5445 ODW (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
BEN T. LILA (SBN 246808)
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 487-9300
Facsimile: (858) 487-9390
Email: jmandour@mandourlaw.com

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA'S AUTO INSURANCE SERVICES, INC., a California Corporation, | CASE NUMBER |
| PLAINTIFF(S) | **CV13- 5445** DDW (FFMx) |
| v. | |
| VERONICA'S SERVICES, INC., a California Corporation, | **SUMMONS** |
| DEFENDANT(S). | |

VIA FAX

TO:     DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Joseph A. Mandour_____, whose address is _Mandour & Associates, APC, 16870 W. Bernardo Dr., Ste. 400 San Diego, CA, 92127_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

JUL 2 9 2013

Dated: _____

By: _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                        SUMMONS